UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA
*for the use and benefit of*
BUTT CONSTRUCTION COMPANY, INC., and
BUTT CONSTRUCTION COMPANY, INC.,

        Plaintiffs,

v.

OLD REPUBLIC INSURANCE COMPANY, and
DANNY THOMPSON INC.,

        Defendants.

Civil Action No.: 19-cv-1222

JURY TRIAL DEMANDED

---

# COMPLAINT

  Plaintiff BUTT CONSTRUCTION COMPANY, INC., by its attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for its complaint against the defendants, Old Republic Insurance Company and Danny Thompson Inc., alleges as follows:

## PARTIES

  1.  At all times hereinafter mentioned, plaintiff Butt Construction Company, Inc. ("BCC") was and is a foreign business corporation, incorporated in the State of Ohio, with a principal place of business located at 3858 Germany Lane, Dayton, Ohio.

2.      Upon information and belief, at all times hereinafter mentioned, defendant Old Republic Insurance Company ("Old Republic") was and is a foreign stock insurance corporation, incorporated in the State of Pennsylvania, with a place of business located at 414 W. Pittsburgh Street, Greensburg, Pennsylvania.

3.      Upon information and belief, at all times hereinafter mentioned, defendant Danny Thompson Inc. ("DTI") was and is a domestic business corporation with a principal place of business located at 2102 11th Street, Niagara Falls, New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, the provisions of the Bonds statute (formerly known as the Miller Act), 40 U.S.C. § 3133(b)(1), and 20 U.S.C. § 1332(a).

5.      Venue in this action lies in the Western District of New York pursuant to 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1391(b)(2), as a substantial part of the events, acts, or omissions giving rise to plaintiff's claims occurred in Niagara Falls, New York, which is within the Western District of New York.

6.      Plaintiff demands a jury trial.

## **FACTUAL BACKGROUND**

7. BCC has a contract with the Department of the Army, Louisville District, Corps of Engineers, known as Contract No. W912QR-15-D-0002-0004 ("Prime Contract").

8. Under the Prime Contract, BCC agreed to perform labor and furnish materials on a project known as Niagara Falls Air Reserve Station, Niagara Falls, NY – Renovate Headquarters Building 800 (the "Project").

9. The Prime Contract provides that the government may impose liquidated damages on BCC for Project delays.

10. On or about August 11, 2016, BCC, as contractor, entered into a subcontract with DTI, as subcontractor, known as Subcontract No. 264-684 ("Subcontract").

11. A copy of the Subcontract is attached as **Exhibit A**.

12. Under the Subcontract, DTI agreed to perform part of the Prime Contract, the scope, terms, and conditions of which are set forth in the Subcontract ("Work").

13. Section 3 of the Subcontract provides that time is of the essence of DTI's performance of the Work.

14. Section 3 also provides that DTI shall complete the Work in accordance with BCC's instructions.

15. Section 4 of the Subcontract provides that if DTI at any time fails to supply a sufficiency of properly skilled workmen or material or fails to prosecute the Work as BCC directs, or fails in the performance of any of the agreements on its part to be performed, then BCC may, at its option, provide any labor or materials and deduct the cost from the Subcontract value or invoice DTI for the cost.

16. Section 5 of the Subcontract provides that BCC may withhold any payment otherwise due to DTI to the extent reasonably required to (a) remedy defective work, (b) assure completion of unfinished Work, (c) assure timely completion of DTI's Work, (d) secure any potential damage to BCC due to delay in the progress of DTI's Work, or (e) secure any claims made by any person with regard to DTI's Work.

## COUNT I

### (Breach of Contract Against DTI)

17. Plaintiff repeats and realleges each and every allegation contained in this complaint as if fully set forth herein.

18. BCC entered into a valid, binding, and enforceable Subcontract with DTI.

19. DTI failed to complete the Work in accordance with BCC's instructions.

20. DTI failed to supply a sufficiency of properly skilled workmen or material.

21. DTI failed to prosecute the Work as BCC directed.

22. On June 29, 2017, BCC gave DTI written notice of deadlines to complete certain Work.

23. BCC's notice also stated that if DTI fails to make significant progress, then BCC would complete the Work and deduct the associated costs from the Subcontract value or invoice DTI for the additional costs in accordance with section 4 of the Subcontract.

24. DTI failed to make significant progress after receiving the notice dated June 29, 2017.

25. As a result, beginning on August 14, 2017, BCC provided labor or materials in furtherance of the Project, under section 4 of the Subcontract.

26. DTI agreed to compensate BCC for the labor and materials furnished.

27. BCC is entitled to deduct the costs it incurred from the Subcontract value, under sections 4 and 5 of the Subcontract.

28. BCC is entitled to withhold payment otherwise due to DTI to the extent reasonably required to (a) remedy defective work, (b) assure completion of unfinished Work, (c) assure timely completion of DTI's Work, (d) secure any potential damage to BCC due to delay in the progress of DTI's Work, or (e) secure any claims made by any person with regard to DTI's Work, under Section 5 of the Subcontract.

29. BCC fully performed and complied with all of the terms and conditions of the Subcontract.

30. BCC and DTI initially agreed to a Subcontract price of $735,000.

31. BCC and DTI agreed to changes that increased the Subcontract price by $74,200 to $809,200.

32. BCC paid DTI and its suppliers $804,385.74, leaving an open balance of $4,814.26.

33. DTI performed extra work at a value of $51,617.

34. BCC back-charged DTI the amount of $199,980 under sections 4 and 5 of the Subcontract for the reasons set forth above.

35. BCC withheld payment to DTI for the open balance and extras, under section 5 of the Subcontract.

36. The net back-charges, after providing credits for the open balance of $4,814 and the extras of $51,617, amount to $143,548.74.

37. DTI owes BCC the amount of $143,548.74 under the Subcontract.

38. On January 15, 2019, DTI invoiced DTI for $143,548.

39. DTI has failed and refused to pay BCC.

40. DTI's failure or refusal to make payment constitutes a breach of the Subcontract.

41. By reason of DTI's breach, BCC has sustained damages in the amount of $143,548.74, plus interest.

## COUNT II

### (Breach of Payment Bond Against Old Republic)

42. Plaintiff repeats and realleges each and every allegation contained in this complaint as if fully set forth herein.

43. On or about October 12, 2016, Old Republic, as surety, and DTI, as principal, executed a certain labor and material payment bond in relation to the Project ("Payment Bond").

44. A copy of the Payment Bond is attached as **Exhibit B**.

45. Under the Payment Bond, Old Republic and DTI are held and firmly bound unto BCC for the use and benefit of claimants.

46. The Payment Bond defines a claimant as any contractor, supplier, materialmen or worker providing labor, materials, or both, used or reasonably required for use in the performance of the Subcontract.

47. BCC entered into a direct contractual relationship with DTI, pursuant to which BCC performed certain labor and furnished certain materials to DTI used or reasonably required for use in the performance of the Subcontract.

48.     BCC fully performed and complied with all terms and conditions of the Subcontract with DTI.

49.     The last day that labor was performed or materials supplied for the Project was, upon information and belief, May 15, 2019.

50.     BCC was not paid in full within ninety days after May 15, 2019.

51.     The amount of $143,548.00 remains due and owing from DTI to BCC for the labor that BCC performed and the materials that it furnished in connection with the Project.

52.     By virtue of its direct contractual relationship with DTI, BCC is a proper claimant under the payment bond, pursuant to 40 U.S.C. § 3133(b)(1).

53.     BCC has fully complied with the payment bond's terms and conditions, including all conditions precedent to suit.

54.     Pursuant to the payment bond, Old Republic is obligated to pay BCC for the balance that it is owed from DTI.

55.     Despite due demand therefor, Old Republic has failed to honor its obligations under the payment bond by failing to pay BCC the amount of $143,548.74.

56. By reason of Old Republic's breach of the payment bond, BCC has sustained damages in the amount of $143,548.74, plus interest.

## COUNT III

### (Quantum Meruit Against DTI)

57. Plaintiff repeats and realleges each and every allegation contained in this complaint as if fully set forth herein.

58. BCC performed certain labor and furnished certain materials to DTI used or reasonably required for use on the Project.

59. DTI accepted BCC's work.

60. The fair and reasonable value of the work accepted by DTI is $199,980.

61. DTI is entitled to credits of $56,431.26, leaving a balance due from DTI to BCC of $143,548.74.

62. Despite due demand therefor, DTI has wrongfully and without justification withheld payment in the amount of $143,548.74.

63. By reason of the foregoing, there is now due and owing to plaintiff the amount of $143,548.74, plus accrued interest.

## COUNT IV

### (Unjust Enrichment Against DTI)

64. Plaintiff repeats and realleges each and every allegation contained in this complaint as if fully set forth herein.

65. By reason of the acts of DTI, and without any wrongdoing on the part of BCC, DTI was unjustly enriched to plaintiff's detriment.

66. By reason of the foregoing, BCC has been damaged in the amount of $143,548.74, plus accrued interest.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter judgment in its favor and award the following relief:

(1) On its first count against defendant Danny Thompson Inc. for breach of contract, judgment in the amount of $143,548.74, plus interest, together with the costs and disbursements of this action;

(2) On its second count against defendant Old Republic Insurance Company for breach of payment bond, judgment in the amount of $143,548.74, plus interest, together with the costs and disbursements of this action; and

(3)  On its third count against defendant Danny Thompson Inc. for quantum meruit, judgment in the amount of $143,548.74, plus interest, together with the costs and disbursements of this action;

(4)  On its fourth count against defendant Danny Thompson Inc. for unjust enrichment, judgment in the amount of $143,548.74, plus interest, together with the costs and disbursements of this action;

(5)  Such other or further relief as the Court deems just and proper.

Dated: Buffalo, New York
       August 30, 2019

          **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
          Attorneys for Plaintiff

          /s/ Geffrey Gismondi
By: _____
          Geffrey Gismondi, Esq.
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400
gismondi@ruppbaase.com