UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA
*for the use and benefit of*
BUTT CONSTRUCTION COMPANY, INC., and
BUTT CONSTRUCTION COMPANY, INC.,

                        Civil Action No.: 1:19-cv-01222-GWC

                                Plaintiffs,

v.

OLD REPUBLIC INSURANCE COMPANY, and
DANNY THOMPSON INC.,

                                Defendants.
_____

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

                            **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
                            *Attorneys for Plaintiff*
                            Geffrey Gismondi, Esq.
                            1600 Liberty Building
                            Buffalo, New York  14202
                            (716) 854-3400
                            gismondi@ruppbaase.com

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by the Plaintiff, Butt Construction Company, Inc. ("Plaintiff") in support of its Motion for Summary Judgment against defendants Danny Thompson, Inc. and Old Republic Insurance Company, on the following counts:

(1) On its first count against defendant Danny Thompson Inc. for breach of contract in the amount of $152,079.74, plus interest; and

(2) On its second count against defendant Old Republic Insurance Company for breach of payment bond in the amount of $152,079.74, plus interest and an award of reasonable attorney's fees;

The Plaintiff had a contract with a non-party project owner, the Department of the Army, Louisville District, Corps of Engineers ("Prime Contract"). *See*, **Exhibit 1,** a copy of the Complaint, at ¶ 7. Under the Prime Contract, the Plaintiff agreed to perform labor and furnish materials on a project known as Niagara Falls Air Reserve Station, Niagara Falls, NY – Renovate Headquarters Building 800 (the "Project"). *Id.* at ¶ 8.

On or about August 11, 2016, the Plaintiff, as contractor, entered into a subcontract with DTI, as subcontractor, known as Subcontract No. 264-684 ("Subcontract"). *See* **Exhibit A**, a copy of the Subcontract; *see also* Complaint, Exhibit 1, at ¶ 10; DTI's Answer, **Exhibit 3**, at ¶ 7. Under the Subcontract, DTI agreed to perform part of the Prime Contract, the scope, terms, and conditions of which are set forth in the Subcontract ("Work"). *See* Complaint, Exhibit 1, at ¶ 12.

The Subcontract provides that time is of the essence of DTI's performance of the Work and that DTI shall complete the Work in accordance with the Plaintiff's instructions. *See* Exhibit A; *see also* Complaint, Exhibit 1, at ¶ 13. In addition, the Subcontract provides that if DTI at any time fails to supply a sufficiency of properly skilled workmen or material or fails to prosecute the Work as the Plaintiff directs, or fails in the performance of any of the agreements on its part to be performed, then the Plaintiff may, at its option, provide any labor or materials and deduct the cost from the Subcontract value or invoice DTI for the cost. *See* Exhibit A; *see also* Complaint, Exhibit 1, at ¶ 15.

On June 29, 2017, the Plaintiff gave DTI written directions to complete its Work on the roof by July 21, 2017 and to complete its Work on the siding by August 11, 2017. *See* **Exhibit B**; *see also* Colin Clark Affidavit, at ¶ 14. The Plaintiff also provided DTI with written notice that if significant progress is not made on the roof and siding Work by July 12, 2017, then the Plaintiff will complete DTI's Work, deduct the associated costs from the Subcontract, and invoice DTI for the additional costs in accordance with Section 4 of the Subcontract. *See* Exhibit 1, at ¶ 22-23; *see also* Exhibit B; *see also* Colin Clark Affidavit, at ¶ 17.

DTI failed to make significant progress on the roof and siding Work by July 12, 2017, and failed to complete the roof and siding Work by the deadlines of July 21, 2017 and August 11, 2017, respectively. *See* Exhibit 1, at ¶ 24; *see also* Colin Clark Affidavit, at ¶ 18-21. As a result, beginning on August 14, 2017, the Plaintiff provided labor and materials to complete DTI's Work under Section 4 of the Subcontract. *See* Exhibit 1, at ¶ 25; *see also* Colin Clark

Affidavit, at ¶ 21.

Plaintiff completed DTI's Work under the Subcontract, including additional work related to warranty repairs, but has not been paid in full.  *See* Colin Clark Affidavit, at ¶ 27; 35-37.  Plaintiff is owed $152,079.74, plus interest.  *See id.*, at ¶ 37.

On or about October 12, 2016, defendant Old Republic Insurance Company ("Old Republic"), as surety, and DTI, as principal, executed a certain labor and material payment bond in relation to the Project, a copy of which is attached as **Exhibit H** ("Payment Bond").  *See* Colin Clark Affidavit, at ¶ 40.  The Payment Bond guaranteed prompt payment of all monies due to all persons providing labor or materials for use in the performance of the Subcontract, including the Plaintiff.  *See* Exhibit H; *see also* Colin Clark Affidavit, at ¶ 43, 45.

The Plaintiff entered into a direct contractual relationship with DTI, pursuant to which the Plaintiff performed certain labor and furnished certain materials to DTI used or reasonably required for use in the performance of the Subcontract.  *See* Colin Clark Affidavit, at ¶ 50.  By virtue of its direct contractual relationship with DTI, the Plaintiff is a proper claimant under the Payment Bond, pursuant to 40 U.S.C. § 3133(b)(1).  *Id.* at ¶ 44.  The Plaintiff has fully complied with the Payment Bond's terms and conditions, including all conditions precedent to suit.  *Id.* at ¶ 46.  Pursuant to the Payment Bond, Old Republic is obligated to pay BCC for the balance that it is owed from DTI.  *Id.* at ¶ 56.  Despite due demand therefor, Old Republic has failed to honor its obligations under the payment bond by failing to pay BCC the amount of $152,079.74.  *Id.* at ¶ 59; *see also* Complaint, Exhibit 1, at ¶ 55; DTI's Answer, Exhibit 3, at ¶ 7.

There are no genuine issues of material fact and, therefore, the Plaintiff's Motion for Summary Judgment should be granted.

## POINT I

## STANDARD OF REVIEW FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment should be granted only where there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). When deciding a motion for summary judgment, the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *L.B. Foster Co. v. America Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. Once the moving party has met its initial burden, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In order to defeat a summary judgment motion, the non-moving party "'may not rely on conclusory allegations or unsubstantiated speculation.'" *McClellan v. Smith,* 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586).

The Clark Affidavit and the documentary evidence presented in this motion establish that there are no genuine issues of material fact and thus the Plaintiff is entitled to judgment as a matter of law.  DTI and Old Republic cannot present any specific facts in admissible form that there are genuine issues for trial.

The Plaintiff fully performed all of its obligations under the terms of the Subcontract.  DTI and Old Republic have not paid the Plaintiff for its Work.  DTI breached the terms of the Subcontract, and Old Republic breached the terms of the Payment Bond.  Therefore, the Plaintiff is entitled to judgment against DTI and Old Republic in the amount of $152,079.74, plus interest.  The Plaintiff's Motion for Summary Judgment should be granted.

## POINT II

### DANNY THOMPSON INC. BREACHED THE SUBCONTRACT

The elements of a breach of contract claim in New York are: "(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *Kramer v. New York City Bd. of Educ.*, 715 F.Supp.2d 335, 356 (E.D.N.Y. 2010); *see also Friedman v. Maspeth Fed. Loan and Sav. Ass'n*, 30 F.Supp.3d 183, 192 (E.D.N.Y. 2014) (holding that "[t]hree elements must be satisfied in order to establish breach of contract: (1) existence of the contract; (2) breach of the contract; and (3) damages as a result of the breach").

The Plaintiff's Rule 56.1 Statement of Facts and DTI's Answer establish the existence of the Subcontract between the Plaintiff and DTI, the Plaintiff's performance under the Subcontract, and DTI's failure to pay the Plaintiff the amount due and owing. *See* DTI's Answer, Exhibit 3, at ¶ 7; *see also* Rule 56.1 Statement of Facts, at ¶ 3-5, 18, 22. In addition, the Clark Affidavit and the exhibits submitted in support establish that the Plaintiff has incurred damages in the amount of $152,079.74. *See* Clark Affidavit, at ¶ 36-39.

The Plaintiff complied with its obligations under the Subcontract, but DTI has failed to pay the Plaintiff for its work on the Project. *Id.* at ¶ 27. DTI's failure to pay is a breach of the Subcontract which has caused the Plaintiff to incur damages of $152,079.74, plus interest and the costs and expenses of this litigation. *Id.* at ¶ 36-39.

The Plaintiff has established a prima facie case for breach of the Subcontract and is entitled to recover judgment as a matter of law.

## POINT III

### OLD REPUBLIC BREACHED ITS PAYMENT BOND OBLIGATIONS

The decisional law of this jurisdiction is clear that, "[i]n New York, a bond is a contract and we therefore look to standard principles of contract interpretation to determine the rights and obligations of a surety under a bond." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 40, fn 4. (2d Cir. 2009) (internal quotation marks omitted).

In the present case, the Payment Bond constitutes a contract under which the Plaintiff may recover from Old Republic as a third-party beneficiary. "A subcontractor is bound, as a third-party beneficiary, to the terms of a material and labor payment bond entered into specifically to secure payment to such parties." *Krugman and Fox Const. Corp. v. Elite Assoc, Inc.*, 167 A.D.2d 514 (2d Dept 1990).

Furthermore, it is settled New York law that "contracts of sureties are to be construed like other contracts so as to give effect to the intention of the parties." *General Auth. for Supply Commodities v. Ins. Co. of N. Am.*, 951 F.Supp. 1097, 1109 (S.D.N.Y. 1997) (quoting *People v. Backus*, 117 N.Y. 196, 201 (1889)); *see also General Phoenix Corp. v. Cabot*, 300 N.Y. 87, 89 (1949). "A compensated, corporate surety such as [Old Republic] is not a favorite of the law and its contract of suretyship will be construed in a manner most favorable to a claimant." *Timberline Elec. Supply Corp. v. Ins. Co. of N. Am.*, 72 A.D.2d 905, 906 (4th Dept 1979), *aff'd sub nom. Timberline Electric Supply Corp. v. Ins. Co. of N. Am.*, 52 N.Y.2d 793 (1980).

The Payment Bond in this case defines a claimant as any contractor, supplier, materialmen or worker providing labor, materials, or both, used or reasonably required for use in the performance of the Subcontract. *See* **Exhibit H**. Given the broad scope of this provision, the Plaintiff falls within the definition of a proper claimant under the Payment Bond. *See* Clark Affidavit, at ¶ 43-44, 50.

To recover under a payment bond, a claimant must prove (1) that it performed services for the principal; (2) that the services it provided were used in furtherance of the project covered by the bond; and (3) that the claimant was not paid all sums rightfully due for the work performed for the covered project. *See American Sur. Co. of New York v. Wells Water Dist.*, 253 A.D. 19 (3d Dept 1937), *aff'd*, 280 N.Y. 528, 19 N.E.2d 926 (1939), (holding surety liable to all claimants furnishing labor or materials in connection with construction where claims are provable).

The Clark Affidavit establishes that the Plaintiff fully complied with the Payment Bond's terms and conditions, including all conditions precedent to suit. *See* Clark Aff. at ¶ 48. Furthermore, there are no questions of fact that: (1) the Plaintiff provided construction services to DTI for the Project, *see* Complaint, Exhibit 1, at ¶ 47; *see* DTI's Answer, Exhibit 3, at ¶ 7; (2) DTI was Old Republic's principal on the Payment Bond, *see* Exhibit H; (3) the work performed by the Plaintiff was covered by Old Republic's Payment Bond because it was used or reasonably required for use in the performance of the Subcontract, *see* Complaint, Exhibit 1, at ¶ 58; DTI's Answer, Exhibit 3, at ¶ 7; and (4) the Plaintiff was not paid all sums rightfully owed for the work performed on the Project, *see* Complaint, Exhibit 1, at ¶ 55; DTI's Answer, Exhibit 3, at ¶ 7.

Despite due demand therefor, Old Republic failed to honor its obligations under the Payment Bond by refusing to pay the Plaintiff the amount of $152,079.74. *See* Complaint, Exhibit 1, at ¶ 55; DTI's Answer, Exhibit 3, at ¶ 7.

Old Republic denied the Plaintiff's claims on the ground that the Plaintiff "is not a proper claimant against the Payment Bond." *See* **Exhibit K**. As set forth in the Clark Affidavit, however, the Plaintiff established that it meets the definition of a proper claimant under the terms of the Payment Bond. *See* Clark Affidavit, at ¶ 43-44, 50. Therefore, Old Republic's denial of the Plaintiff's claims is a breach of the Payment Bond. *Id.* at ¶ 63.

By reason of Old Republic's breach of the Payment Bond, the Plaintiff has sustained damages in the amount of $152,079.74, plus interest and the costs and expenses of this suit, including attorneys' fees. *Id.* at ¶ 64. With respect to interest and legal fees, N.Y. Finance Law § 137.4.(c) states:

> In any action on a payment bond furnished pursuant to this section, any judgment in favor of a subcontractor or material supplier may include provision for the payment of interest upon the amount recovered from the date when demand for payment was made pursuant to the labor and material payment bond and provided further that the court may determine and award reasonable attorney's fee to either party to such action when, upon reviewing the entire record, it appears that either the original claim or the defense interposed to such claim is without substantial basis in fact or law.

N.Y. Finance Law § 137.4.(c)

As demonstrated by its answer, Old Republic has no current defense that has a substantial basis in fact or law. *See* **Exhibit 2**. For the reasons stated in this Memorandum of Law and in the Clark Affidavit, summary judgment is appropriate and should be granted in favor of the Plaintiff.

Dated: Buffalo, New York
       March 26, 2020

                                      **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
Attorneys for Plaintiff

/s/ Geffrey Gismondi
By: _____
Geffrey Gismondi, Esq.
1600 Liberty Building
Buffalo, New York  14202
(716) 854-3400
gismondi@ruppbaase.com