UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>for the use and benefit of Butt<br>Construction Company, Inc. and BUTT<br>CONSTRUCTION COMPANY, INC.,<br><br>      Plaintiffs,<br><br>      v.<br><br>OLD REPUBLIC INSURANCE<br>COMPANY and DANNY THOMPSON<br>INC.,<br><br>      Defendants. | Case No. 1:19-cv-1222 |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**
**(Doc. 17)**

This dispute arises out of repairs to a government building located on the Niagara Falls Air Reserve Station, Niagara Falls, New York.   The building serves as the headquarters for the station. Complaint, ¶ 8 (Doc. 1).    Plaintiff Butt Construction Company, Inc. ("Butt") serves as general contractor under a contract with the Army Corps of Engineers.  Complaint, ¶ 7.

In August 2016, Butt entered into a subcontract with defendant Danny Thompson Inc. ("DTI") to perform roofing and siding work on the headquarters building.  Complaint, Ex. A.  Butt alleges that DTI failed to perform timely under the subcontract, especially with respect to DTI's obligation to install a metal siding system.  Clark Aff., ¶¶ 14-18.   Butt contracted with a different company and brought in workers of its own to complete the work.  Clark Aff., ¶¶ 18-26.   Butt alleges that it has incurred costs of $199,980 in completing DTI's scope of work.  (Doc. 17-5.) After making undisputed adjustments in DTI's favor, Butt seeks $143,548 in "back charges" representing the cost of completing the scope of work defined by the sub-contract.  (Doc. 17-5.)

DTI denies that it was slow in performing and alleges that Butt seeks reimbursement for work falling outside the scope of work set out in the subcontract.  In a declaration provided by its principal, DTI explains that its performance under the sub-contract was delayed by problems caused by Butt Construction.  Declaration of Danny Thompson (Doc. 22).

1

In 2019, Butt filed suit in federal court.   It cites the Miller Act, 40 U.S.C. §§ 3131 et seq as the basis for federal question jurisdiction.

Prior to discovery, Butt has filed a motion for summary judgment.   DTI responds that summary judgment should be denied because factual issues remain in dispute.   Old Republic agrees with DTI that there are significant factual issues.   Old Republic also contends that as the general contractor, Butt has no right to sue under the Labor and Material Payment Bond issued by Old Republic to DTI.  (Doc. 1-2).

## Summary Judgment Standard

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(a).  The burden of demonstrating the absence of a factual dispute rests upon the moving party.  *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).   The court considers the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor.   The non-moving party must put forth "specific facts showing a genuine issue for trial."  F.R.Civ.P. 56(e)(2).

## Analysis

### I.   Motion against DTI

In response to Butt's claims that it completed work on the subcontract at a cost of almost $200,000 (before credit to DTI for certain undisputed extras and amounts due),  DTI responds:

> That Defendant's affidavits clearly show multiple questions of fact existing not only to whether there is any liability (as that the work being claimed need to be done is outside Defendant's scope of work but also that the invoices and invoice slips which make up the Plaintiffs claim, are questioned and questionable.

Doc. 22-3.  The declaration provided by Danny Thompson provides greater detail about the various factors which DTI identifies as the cause of construction delays.  Doc. 22.   DTI seeks an opportunity for discovery which could "shed light on other sub-contractors, and any arrangements made between the Plaintiff and owner…".  Doc. 22-3.

Considering DTI's submission in the light most favorable to it, the subcontractor's position is that mistakes by Butt Construction and others resulted in construction delays.  Since DTI was not late in performing, Butt had no right under the sub-contract to perform the remaining work and seek a back charge.  DTI also argues that a portion of the work covered by the daily tickets submitted by Butt described work not covered by the subcontract.   If true, this factual assertion

would reduce or eliminate the back-charge.   DTI also questions the accuracy of the tickets and invoices.

The court denies the motion for summary judgment as to DTI and allows six months for discovery on the disputed factual issues.  These issues include the basis for the alleged breach by DTI and the accuracy of the daily work tickets and invoices.

## II.  Motion against Old Republic

The motion against Old Republic is different.  It concerns the terms of the "payment" bond and whether the general contractor may recover against the surety as an obligee.   This issue is legal and depends upon the interpretation of contract language which is not in dispute.  It is an appropriate issue for summary judgment.

The subcontract between Butt and DTI required DTI to furnish two bonds:  a "performance bond" and a "payment bond."   Both are attached to the parties' papers.  The terms of the bonds are not in dispute.

The performance bond obligates Old Republic to pay the cost of completion of the subcontract if DTI defaults.  It identifies Butt Construction as the obligee.  Following a declaration of default by Butt Construction, Old Republic may complete the subcontract or solicit bids from other sub-contractors to complete the work.  Doc. 25-1.  Butt Construction does *not* seek to recover under the performance bond.

The payment bond guarantees payment to "any contractor, supplier, materialmen or worker providing labor, materials, or both, used … in the performance of the Subcontract."   It protects Butt Construction as obligee from mechanics liens and other claims by third-parties who provided labor and material to DTI.  *See  U.S. Fidelity + Guar. Co. v. Braspetro Oil Services Co.*, 369 F.3d 34, 69 (2d Cir. 2004)("The purpose of a payment bond … is to protect the equity of the owner in his property against the claims of unpaid [creditors]."(quoting *HNC Realty Co. v. Bay View Towers Apartments, Inc.,* 409 N.Y.S. 2d 774 (2d Dep't 1978).

It is a long-established principle of surety law that the obligee cannot sue under a payment bond for the principal's breach.   The performance bond exists for that purpose.   As obligee, Butt Construction is not included in the definition of claimant authorized to sue.  It is not a contractor or supplier providing labor or material in the performance of the subcontract. *See Travelers Cas. + Sur. Co. v. Dormitory Authority – State of N.Y.*, 735 F.Supp. 2d 42, 87 (S.D.N.Y. 2010) ("Indeed, even where an owner-obligee itself purchases labor and materials in order to complete a contract after a contractor's default, the oblige may not make a claim upon the contractor's payment bond

in order to recover those costs, because the obligee is not a subcontractor or supplier within the meaning of the payment bond.").   The performance bond exists for that purpose.

The rule that the obligee may not recover its expenses in completing a subcontract through the payment bond has long been recognized in the secondary literature.  *See 22 Crouch on Insurance (3d Ed.)* § 165:15 ("…since a labor and material bond is limited in coverage to the protection of laborers and materialmen, it, by definition, does not indemnify the obligee with respect to labor and materials purchased and used by the obligee in completing the contract after the contractor's default." ; *3 Bruner & O'Connor on Construction Law* § 8:163 ("The class of protected persons under a payment bond excludes the owner, even though the owner is named as the nominal bond obligee, [as well as] co-prime contractors and lenders, unless they are assignees of the claims of otherwise protected claimants."

The exceptions to the rule that obligees may not recover the costs of completion of a subcontract through the payment bond include assignments and equitable subrogation.  Neither is present here.  There is no claim that any subcontractor employed by DTI went unpaid; nor is there a claim that Butt Construction obtained an assignment from such an entity.   Nor has Butt Construction paid an overdue invoice owed by DTI to a third-party which could provide the basis for an equitable subrogation claim.  *See Broadway Houston Mack Development, LLC v. Kohl*, 897 N.Y.S. 2d 505 (App. Div, 2d Dep't. 2010).

The court DENIES the motion for summary judgment against Old Republic.  There appears to be no legal basis for a claim against Old Republic on the payment bond.  Old Republic has not filed its own motion for summary judgment.  The court will wait for a motion from Old Republic on this issue.

### III. Motion for Sanctions (Doc. 29)

Old Republic has filed a motion for sanctions, primarily on the grounds that the motion for summary judgment is premature and should not have been filed until the parties had an opportunity for discovery.   The court DENIES the motion.   Discovery is unnecessary to resolve the legal quest   ion of whether Butt Construction can sue on the payment bond.  A motion to dismiss would be sufficient to resolve that issue.  It would have been better practice to wait for discovery before seeking summary judgment against DTI, but the motion practice has served the purpose of identifying the parties' positions and the areas in which discovery may be helpful.

The motion for sanctions is DENIED.

4

## IV.  Subject matter jurisdiction

The Miller Act almost certainly does not provide a basis for federal question subject matter jurisdiction since the Act authorizes suits concerning bonds for which the United States is obligee. The case appears on its face to qualify for diversity jurisdiction.    The court will clarify the basis for subject matter jurisdiction at the discovery conference.

### Summary

The court DENIES the plaintiff's motion for summary judgment against defendant DTI. (Doc. 17.)  The motion for sanctions (Doc. 29) is DENIED.   The court will schedule a video conference concerning discovery in due course.   The parties are invited to confer and submit a stipulated discovery schedule in advance of the conference.

Dated this 21st day July, 2020

Geoffrey W. Crawford, Judge
United States District Court